# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL ANGELO WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:17-cv-00298-JEO |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Michael Angelo White brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying him supplemental security income ("SSI") benefits. (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff filed his application for SSI benefits in October 2013, alleging he became disabled beginning October 8, 2013. It was initially denied by an administrative law judge ("ALJ"). The Appeals Council ("AC") denied Plaintiff's request for review. (R. 1).[2]

## II. FACTS

Plaintiff was 43 years old at the time of the ALJ's decision. (R. 121). He completed the eleventh grade. He previously worked as a dishwasher, poultry eviscerator, mason's helper, and landscape laborer. (R. 17, 31, 36-39, 52). He alleges disability due to digestive track problems. (R. 146).

Following Plaintiff's hearing, the ALJ found that he had the medically determinable severe impairment of gastrointestinal hemorrhage. (R. 13). He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (R. at 14). He further found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with limitations. (R. 15). He determined that Plaintiff could perform his past work as a dishwasher and poultry eviserator, as well as other jobs

---

[2]References herein to "R. __" are to the administrative record found at Docs. 7-1 through 7-12 in the court's record.

in the national economy. (R. 17). The ALJ concluded that Plaintiff was not disabled. (R. 18).

### III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015; *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to

provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. § 416.920(a)(4). Specifically, the Commissioner must determine in sequence:

whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).[3] The plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 416.912(a). The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id*.

## V. DISCUSSION

Plaintiff asserts that the ALJ erred in that he failed to include any analysis of Plaintiff's primary disabling symptom – "constant diarrhea requiring one or more trips to the restroom per hour." (Doc. 9 at 3 (citing R. 40-41)). As part of this claim, Plaintiff argues that the ALJ failed to engage in the required analysis and simply relied on a boilerplate disclaimer. (*Id*. at 4 (citing R. 15)). The Commissioner argues that the ALJ properly evaluated Plaintiff's complaints of

---

[3]Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

5

disabling symptoms and that substantial evidence supports his conclusion that Plaintiff is not disabled. (Doc. 10 at 4-9).

    A.    **The Law**

As noted above, Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 419.912(a) & (c); *Moore,* 405 F.3d at 1211; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Specifically, Plaintiff must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 419.929; *Dyer v. Barnhart*, 359 F.3d 1206, 1210 (11th Cir. 2005); *Wilson*, 284 F.3d at 1225-26; *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). In analyzing the evidence, the focus is on how an impairment affects Plaintiff's ability to work, and not on the impairment itself. *See* 20 C.F.R. § 416.929(c)(1); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality).

In addressing Plaintiff's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

*Wilson*, 284 F.3d at 1225; *see also* 20 C.F.R. §§ 404.1529, 416.929. In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

When evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of his symptoms, the ALJ considers all the evidence – objective and subjective. *See* 20 C.F.R. § 416.929(c)(2). A plaintiff cannot simply allege disabling symptoms. *See* 20 C.F.R. § 416.929(a) ("statements about your pain and other symptoms will not alone establish that you are disabled"). The ALJ may consider the nature of a claimant's symptoms, the effectiveness of

medication, a claimant's method of treatment, a claimant's activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. § 416.929(c)(3), (4). The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

   B.   **Analysis**

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects were not credible to the extent they conflicted with his RFC for a modified range of medium work. (R. 16). The court agrees and the record supports this conclusion.

With regard to Plaintiff's restriction requiring "constant bathroom breaks," the evidence shows that Plaintiff had abdominal surgery for a gunshot wound in 1999. (R. 13, 319). In September 2013, Plaintiff was admitted to the hospital for abdominal pain and rectal bleeding. His medical history, which was recorded upon admission, reflects the following:

8

> He has had multiple abdominal surgeries related to [his gunshot wound] with bowel resections and appears to have a postoperative complication 3 years later that required re-exploration and a subsequent bowel resection as well. Since that time he has had chronic abdominal pain over the last 15 years. He has also noted intermittent drainage from a small area around his umbilicus. This has been present for approximately the last 10 years. Over the last month or two he has had lower gastrointestinal bleeding and clot with what are otherwise are normal stool....

(R. 222). He was diagnosed with chronic enterocutaneous fistula or colon cutaneous fistula. (R. 223). He remained in the hospital for treatment until his pain was "well-controlled." (R. 13). His pain and bleeding returned. He was admitted to the hospital on October 22, 2013. Doctors performed a small bowel resection with anastomosis, extensive lysis of adhesions and cholecystectomy, and an exploratory laparotomy with small bowel resection and closure of enterocutaneous fistula. (R. 14, 319). He was discharged on October 28, 2013, after his bowel function returned, he was on no antibiotics, and he was tolerating a regular diet. (R. 314). During his November 5, 2013 doctor's visit for abdominal pain, he denied any diarrhea. (R. 281-82).

On November 23, 2014, Plaintiff was admitted to the hospital for abdominal pain. (R. 326). He was diagnosed with a small bowel obstruction. (R. 327). He remained in the hospital until December 12, 2014, when he was cleared for release after he tolerated food properly, had bowel movements, and was able to ambulate

9

under his own strength. (R. 329). This was Plaintiff's last reported medical treatment prior to his hearing on July 14, 2015. (R. 23).

During the hearing, Plaintiff stated that he was unable to work because of gastrointestinal problems including constant stomach pain and a frequent need to use the bathroom. (R. 40). He reported needing to use the bathroom three to four times during an hour. (*Id*.) He also stated that if he sits too long, his discharge includes blood. (*Id*.) He asserted that he cannot concentrate due to the stomach pain and the need to go "run to the bathroom." (*Id*.) He stated that in the couple of hours he was present for the hearing, he had to go to the bathroom about eight times. (R. 41). Lastly, he stated that his pain medication had run out. (R. 45).

The ALJ found Plaintiff's statements to be partially credible, questioning the severity and functional restrictions of Plaintiff's impairment. (R. 16). Specifically, the ALJ noted that Plaintiff did well after his surgeries, was not taking any medication, and had received no treatment subsequent to his last hospitalization – a period of about seven months. (*Id*.) The ALJ stated that this evidence negated the severity of Plaintiff's condition. (*Id*.) The ALJ further observed:

> Now, the claimant also testified that he does not have the income to receive treatment and that his last surgeries were emergencies and he had to have them. However, the fact that the claimant has not reported to the emergency room and there has not had to be any

> further emergency treatment actually shows that the claimant's
> condition is somewhat under control. His testimony shows at the
> very least that the severity of his symptoms is not so severe as to
> warrant medical treatment.

(*Id*.)

The question for this court is whether the ALJ adequately has explained his reasoning and whether it is supported by substantial evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005). Plaintiff argues that the ALJ's decision "does not engage in any further analysis beyond [a] boilerplate disclaimer," his reasoning is conclusory, and he failed to adequately consider that Plaintiff's lack of treatment is due to his economic situation and use of the "more reasonable option to take hourly bathroom breaks (at no cost)." (Doc. 9 at 3-4 and Doc. 11 at 1). The court does not agree. The ALJ adequately explained his reasons for finding that Plaintiff's testimony regarding his pain and limitations was only partially credible, and his reasoning is supported by the record. It shows that Plaintiff's surgeries effectively treated his flare-ups and they have been followed by lengthy periods where he needed no additional hospitalization. (R. 16, 282-85, 314). By way of example, his November 2013 examination notes show he was well-developed and well-nourished, and he denied diarrhea, constipation, bloody/black stools, hemorrhoids, and hepatitis. (R. 16, 282). He also received no emergency room or surgical treatment from November 2013 to

11

November 2014 and from December 2014 through the hearing date. (R. 16, 48, 281-84, 326). Additionally, his daily activities tend to support the ALJ's determination. Plaintiff reported caring for his children; some shopping for food, clothes, and diapers; some housework; independently handling his personal care needs; riding in a car; going out alone; socializing with others; and walking less than half a mile. (R. 15, 158-73). Finally, there is no medical evidence that Plaintiff is disabled or has limitations in excess of the RFC determined by the ALJ. (R. 16).

In sum, the court cannot find under the record that Plaintiff is entitled to any relief. Substantial evidence supports the ALJ's decision.

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered separately.

**DONE,** this the 13th day of June, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge